J-S16040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK K. ROZELL, | : | |
| | : | |
| Appellant | : | No. 1466 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 3, 2018
in the Court of Common Pleas of Lancaster
County Criminal Division at No(s): CP-36-CR-0005532-2011

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: MAY 20, 2019**

Mark K. Rozell ("Rozell") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Rozell's counsel, Kane Podraza, Esquire ("Attorney Podraza"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Podraza's Petition to Withdraw and affirm Rozell's judgment of sentence.

On December 6, 2012, Rozell entered an open guilty plea to two counts of simple assault, and one count each of aggravated assault and recklessly endangering another person.[1] Rozell was sentenced to five years of probation on the aggravated assault charge and two years of probation on each of the other charges. The trial court ordered the sentences to be served concurrently.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2701(a)(3), 2702(a)(1), 2705.

On June 22, 2016, Rozell was charged with driving under the influence. On August 4, 2016, the trial court conducted a **Gagnon II**[2] hearing and found Rozell to be in violation of the terms of his probation. The trial court revoked Rozell's probation, and resentenced him to three years of probation. The terms of Rozell's probation included a prohibition from consuming alcohol.

On April 5, 2018, Rozell reported to an appointment with Adult Probation while under the influence of alcohol. On May 3, 2018, the trial court conducted a **Gagnon II** hearing and found Rozell to be in technical violation of his probation. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). On August 3, 2018, the trial court revoked Rozell's probation, and resentenced him to an aggregate term of one year less one day, to two years less one day in prison, followed by three years of probation.

On September 4, 2018, Rozell, via Attorney Podraza, filed a timely Notice of Appeal.[3] The trial court ordered Rozell to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Podraza filed a Pa.R.A.P. 1925(c)(4) Statement of intent to file an **Anders** brief in lieu of a Rule 1925(b) concise statement. Attorney Podraza

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] Thirty days from August 3, 2018, was Sunday, September 2, 2018, and September 3, 2018, was Labor Day, a federal holiday. **See** 1 Pa.C.S.A. § 1908 (stating that when the last day of any period of time falls on a Saturday or a Sunday, or a federal holiday, "such day shall be omitted from the computation.").

subsequently filed an **Anders** Brief and a Petition to Withdraw as Counsel. Rozell neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Rozell's issues on appeal, we must determine whether Attorney Podraza has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 3 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw reveals that Attorney Podraza has substantially complied with each of the requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Podraza indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Podraza's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, Attorney Podraza provided Rozell with a copy of the *Anders* Brief, and advised him of his rights to proceed *pro se*, to retain new counsel, or to raise any additional points deemed worthy of the Court's attention. Thus, Attorney Podraza has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Rozell's appeal is, in fact, wholly frivolous.

Initially, we note that

[o]ur scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence. We further note that the imposition of sentence following the revocation of probation is vested within the sound

- 4 -

discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

*Commonwealth v. Finnecy*, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citations, quotation marks and brackets omitted).

In the first issue presented by Attorney Podraza, Rozell challenges the discretionary aspects of his sentence. *See Anders* Brief at 9-10. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Rozell, via Attorney Podraza, filed a timely Notice of Appeal and has advanced a plausible argument that the trial court violated the fundamental norms underlying the sentencing process. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process.") (quotation marks omitted).

However, Rozell failed to preserve the issue in a post-sentence motion, and Attorney Podraza did not include a Rule 2119(f) Statement within the **Anders** brief. Accordingly, we could find Rozell's discretionary claim to be waived. Nevertheless, we will address Rozell's discretionary sentencing claim as a part of our independent review. *See Commonwealth v. Zeigler*, 12 A.3d 656, 661 (Pa. Super. 2015) (stating that "[w]here counsel files an **Anders** brief, this Court has reviewed [a discretionary sentencing claim] even absent a separate Pa.R.A.P. 2119(f) statement."); *see also Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (stating that "**Anders** requires that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue Appellant seeks to raise.").

Our standard of review is well settled:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court

enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

- 7 -

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the trial court provided a thorough statement of the reasons for Rozell's sentence:

> [Rozell] is 57 years of age, which shows sufficient maturity to understand the significance of his acts. [Rozell] is intelligent enough to understand the significance of his acts since he has a GED. [Rozell] has no verifiable work history, but served in and was honorably discharged from the United States Army, indicating that [he] can follow directions and be a productive member of the community if and when he so chooses.

> [Rozell] has a criminal history by my count of convictions on at least six different dockets, and this is now his second overall [probation violation], together with sanctions while he was in the Veterans Court Program. Much of, if not all of [Rozell's] criminal and anti-social behavior[] appears to be caused by or connected to mental health and/or drug and alcohol abuse. Unfortunately, despite numerous orders to do so and participation in the Veterans Treatment Court, [Rozell] has been either unwilling or unable to

- 8 -

get the treatment he is clearly needing while he has been in the community.

I've considered the extremely comprehensive detailed PSI, [Rozell's] [level of service inventory-revised] score, the character of [Rozell], arguments of counsel, and [Rozell's] statement. I considered the fact that despite having significant income from both the military and disability, he's paid very little on his fines and costs. The last one being a $50 payment in January of 2018.

In light of [Rozell's] utter refusal or inability to comply with the terms and conditions of Probation and Parole that [the trial court] has imposed upon him, total confinement is warranted, and indeed it is essential to vindicate the authority of [the trial court]. [Rozell's conduct] indicates that it's not just probable, but it appears virtually certain that he will commit more violations of his supervision if given simply probation. Probation has proven to be an ineffective vehicle to accomplish rehabilitation and an insufficient deterrent against further anti-social behavior. Incarceration is warranted because a lesser sentence would depreciate the seriousness of the underlying crime and his ongoing [non-payment of the] fines of [the trial court]. And, in fact, [Rozell] is absolutely in need of treatment that could be most effectively provided in a secure setting outside of the community.

N.T., 8/3/18, at 5-7. Our review of the record confirms that the trial court had sufficient information to make a fully informed sentencing decision following the revocation of Rozell's probation. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Rozell's discretionary sentencing challenge is wholly frivolous.

In the second issue presented by Attorney Podraza, Rozell alleges that the trial court, during sentencing, improperly considered an "escape charge," of which he was found not guilty. *Anders* Brief at 10-11.

Our review of the record discloses no reference by the trial court to an "escape" charge or conviction. Although it appears that the trial court

referenced an incident where Rozell failed to report to prison following a medical furlough, *see* N.T., 8/3/18, at 3-4, there is no indication that the trial court believed Rozell was convicted of "escape," or used this information in determining Rozell's sentence. Indeed, the trial court's recitation of factors it considered does not reference the furlough incident, but instead contains numerous other justifications for Rozell's sentence. ***See id.*** at 5-7. Accordingly, Rozell's second claim is wholly frivolous.

Finally, our independent review discloses no other non-frivolous claims that Rozell could raise on appeal. Accordingly, we grant Attorney Podraza's Petition to Withdraw, and affirm Rozell's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2019

- 10 -